IN THE CIRCUIT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

JORGE LOPEZ,

    Plaintiff,

Case No: 12 05467

DIVISION J

vs.

AMERICAN SECURITY
INSURANCE COMPANY,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, sues defendant and alleges:

1. COMES NOW, the Plaintiff, **JORGE LOPEZ**, by and through his undersigned attorneys and sues defendant **AMERICAN SECURITY INSURANCE COMPANY** and alleges the following:

2. This is a case of action for third-party beneficiary breach of contract.

3. The Plaintiff is the owner of property located at 12717 Linda Drive, Tampa, Florida 33612.

4. The Defendant is an insurance company that issued a policy of insurance to the Plaintiff's mortgagee, effective from May 16, 2010 to May 16, 2011 which covers the property owned by the Plaintiff for sinkhole activity, related damages, and repairs and, although the policy refers to the Plaintiff as an additional insured, the Plaintiff was charged for the entire policy's premiums. A copy of the policy is attached as Exhibit "A".

5. On or about April 28, 2011, the property owned by Plaintiff and insured by the defendant suffered a covered loss to the insured residence in the form of direct physical damage

to the structure including cracking of the walls, floors, and other portions of the insured premises caused by sinkhole activity.

6. Within a reasonable time after the loss, Plaintiff notified Defendant and the mortgagee/named insured of the loss sustained, provided Defendant with all the details surrounding the loss, and allowed the Defendant to study, inspect, and survey the property, thus fully complying with all provisions of the insurance policy relating to giving notice of the loss and cooperating in the investigation of the loss. Thereafter, the Plaintiff demanded that the Defendant honor its obligations under the policy and specifically to have the property repaired and restored to its pre-loss condition.

7. The mortgagee of the plaintiff's property has refused to pursue the insurance claim, repair the property as provided for in the mortgage, or otherwise insist that the defendant restore and repair the Plaintiff's property as provided for in the policy of insurance.

8. The Defendant has refused to honor its obligations under the policy to have the Plaintiff's property repaired, has refused to adjust the loss the named insured under the policy, has refused to adjust the loss with the Plaintiff, and has excluded the Plaintiff from the adjustment process.

9. Pursuant to Florida law, all portions of the insurance code are expressly incorporated into the subject policy of insurance, particularly sections 627.707 et. seq. (sinkhole investigation statute) and 627.6131 (90 day claims rule). The Defendant further breached the policy of insurance by failing to properly investigate the claim or make a claims decision within 90 days, thereby breaching the implied covenant of good faith and fair dealing. This allegation is not intended as a claim for bad faith under section F.S. 624.155.

10. The Defendant's conduct constitutes a breach of the contract of insurance.

11. The Plaintiff, as the owner of the home, has an insurable interest in the safety or preservation of the home at the time of loss, which may be enforced by the property owner, even though no policy of insurance is possessed in their name and has third-party beneficiary standing to the enforce the provisions of the policy of insurance on the property.

12. As a direct and proximate result of the Defendant's breach of contract, the Plaintiff has suffered damages as recoverable under the policy in the form of the costs to properly stabilize the land and building and repair the foundation, loss of use including additional living expenses, costs associated with debris removal, costs of preservation of property and protecting it from further loss following the sinkhole loss, and all consequential flowing from the breach, including those damages that are due under the policy to the mortgagee/named insured that inure to the benefit of the Plaintiff.

13. Because of Defendant's refusal and failure to honor its obligations under the policy, Plaintiff were compelled to retain the services of the undersigned counsel to prosecute this action. Plaintiff are obligated to counsel for payment of reasonable attorney's fees and Defendant is obligated to pay such fees pursuant to Florida Statute § 627.428.

WHEREFORE, Plaintiff demand judgment against defendant for damages in excess of $75,000.00, together with reasonable attorneys' fees pursuant to F.S. 627.428, costs of suit, interest from the date of loss, and any other and further relief as the Court may deem proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, pursuant to the applicable Rules of Civil Procedure, hereby demands a trial by jury on all issues so triable.

                                                                                              _____
                                                                                              ROBERT M. AUSTIN, ESQUIRE
                                                                                              Florida Bar No: 475092
                                                                                              AUSTIN & LAURATO, P.A.
                                                                                              1902 West Cass Street
                                                                                              Tampa, Florida 33606
                                                                                              (813)258-0624
                                                                                              (813)258-4625 Facsimile
                                                                                              Attorneys for Plaintiff